McAdam, Ch. J.
Where one among a number of defenses is demurred to, and the demurrer sustained, leaving the main issues in the action to be determined by a trial thereof in the usual manner, the practice of this court has been to allow §20 as the argument fee of an issue of law. Where the entire defense is demurred to, and the demurrer sustained, the entire costs follow as of course.
*174 This seems to be the fair construction of the statute in regard to costs in such cases, as there is no good reason why a full bill of costs should be allowed on a mere preliminary skirmish had in advance of the trial which is to finally determine the rights of the parties. If Van Gelder v. Van Gelder* (13 Hun, 118), holds to the contrary, it cannot be ' followed.
The clerk will be directed to follow the rule prevailing in this court.

 In that case the decision was that on appeal from an order for judgment overruling or sustaining a demurrer, the successful party is entitled to tax $20 before argument and $40 for argument, and Bockes, J., says in a concurring opinion that “the successful party on a demurrer is then, in an action in which costs are given him by law, entitled to full costs, as given on the trial of an issue of law; and, inasmuch as costs are not in the discretion of the court, the right to those costs is absolute. And if relief be granted to the party against whom the interlocutory judgment is directed, it must be on payment of those costs. It follows, that to grant relief to such party on payment of $10 costs only, as upon a motion, is improper.” p. 120.
It may aid in solving the conflict of opinion on this question to observe that under the present statute, the statutory right of a successful party (in certain actions) to tax costs is confined to a party who has recovered final judgment. N. Y. Code Civ. Pro. §§ 3228, 3229, 3232.
There is no statutory right to costs upon getting interlocutory judgment, although upon getting final judgment after an interlocutory judgment, if costs are a matter of right, the final judgment may include costs of an interlocutory judgment.
There is no statutory right to costs of a motion (§ 8236), nor to costs of an appeal from an interlocutory judgment or an order (§ 3239).
And the Code expressly provides that if there is an issue of law and one of fact, and upon interlocutory judgment on the issue of law, the issue of fact remains untried, the interlocutory judgment may in the discretion of the court award or deny costs, or award them to abide the trial (§ 3233).
It appears, therefore, that where a demurrer is sustained and only interlocutory judgment awarded, no statutory right to tax costs has yet accrued. If the court give the demurrant leave to withdraw his demurrer they may by the terms of section 497, in their discretion, allow him to plead over on such terms as maybe just; and after *175 interlocutory judgment the appellate court on appeal from the interlocutory judgment may do the same.
The case of Van Gelder v. Van Gelder, 13 Hun, 118, was decided in 1878, before chapter 21 of the Code of Civil Procedure regulating costs had been enacted.
The decision in the text seems to accord with the equity of the rule in section 3232, that where there is an issue of law and of fact, the court may award or deny costs on the issue of law; as well as with that of section 3234 that costs of several issues, differently determined, may be set off as it were.